Argued and submitted May 18,
reversed December 24, 1979

# HOOD VIEW NEIGHBORHOOD ASSOCIATION, et al,
## *Appellants,*

*v.*

# BOARD OF COUNTY COMMISSIONERS OF CLACKAMAS COUNTY, et al,
## *Respondents.*

### (No. 76-11-163, CA 11365)

604 P2d 447

Frank Josselson, Portland, argued the cause for for appellants. With him on the briefs were Kimball H. Ferris, and Jones, Lang, Klein, Wolf & Smith, Portland.

Keith J. Kinsman, Assistant County Counsel, Oregon City, argued the cause for respondent Board of County Commissioners of Clackamas County, Oregon. With him on the brief were Scott H. Parker, Clackamas County Counsel, and Michael E. Judd, Of Clackamas County Counsel, Oregon City.

Garry P. McMurry, Portland, argued the cause for respondent Carl M. Halvorson, Inc. With him on the brief were Rankin, McMurry, Osburn, Gallagher & VavRosky, and Patric J. Doherty, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson, Roberts, Judges, and Peterson, Judge Pro Tempore.

ROBERTS, J.

## ROBERTS, J.

Plaintiffs in this writ of review proceeding appeal from an order of the trial court affirming the county commissioners' approval of a preliminary plat for companion subdivisions totaling 92 homesites on 479 acres of land between the cities of Sherwood and Wilsonville in Clackamas County. Plaintiffs' dispositive contention is that the plat does not conform to the Agricultural Lands Goal (Goal 3) of the statewide planning goals adopted by the Land Conservation and Development Commission (LCDC). We reverse.

In May of 1976, on recommendation of the County Planning Department and following a public hearing, the County Planning Commission denied the developer's application for approval of the preliminary plat. The Planning Commission found that the proposed subdivisions were inconsistent with the county's Comprehensive Plan and with LCDC goals and guidelines. The developer appealed this decision to the Board of County Commissioners of Clackamas County (Board). After public hearings, the Board entered an order approving, with 17 conditions, the original application. Plaintiffs' writ of review was dismissed by the circuit court on June 5, 1978.

Goal #3 provides in relevant part:

"Agricultural lands shall be preserved and maintained for farm use, consistent with existing and future needs for agriculture products, forest and open space. These lands shall be inventoried and preserved by adopting exclusive farm use zones pursuant to ORS ch 215. Such minimum lot sizes as are utilized for any farm use zones shall be appropriate for the continuation of the existing commercial agricultural enterprise within the area.
"* * * * *

"AGRICULTURAL LAND—in western Oregon is land of predominantly Class I, II, III and IV soils * * * as identified in the Soil Capability Classification System of the United States Soil Conservation Service, and other lands which are suitable for farm use

[871]

taking into consideration soil fertility, suitability for grazing, climatic conditions, existing and future availability of water for farm irrigation purposes, existing land use patterns, technological and energy inputs required, or accepted farming practices. Lands in other classes which are necessary to permit farm practices to be undertaken on adjacent or nearby lands, shall be included as agricultural land in any event.

"* * * * *."

It is not disputed that the land in question is predominantly composed of the soil classes named in Goal #3. Therefore, the land is agricultural within the meaning of Goal #3.

Relying on *Meeker v. Board of Comm'rs*, 36 Or App 699, 585 P2d 1138 (1978), defendants contend that the requirements of Goal #3 are met by the five-acre lots in the proposed subdivisions.[1] In *Meeker* we noted that there is no statewide minimum lot size for the preservation of agricultural lands. 36 Or App at 707. In that case we approved the division of an 82-acre parcel of land in Clatsop County into seven parcels where the Board of County Commissioners had determined in extensive findings that a large farm unit would not be economically viable and that smaller units would facilitate greater agricultural usage.

In the time since plaintiffs brought this appeal, the Supreme Court has reviewed *Meeker* and agreed that the subdivision was permissible under the unique facts of the case. 287 Or 665, 601 P2d 804 (1979). Defendants here argue that because there is no statewide minimum lot size, the Board's determination that agricultural use would be maximized by the proposal is controlling.

---

[1] By motion to dismiss, defendants contend that the Goal #3 issue is moot because the county, as part of the 1978 amendment to its Comprehensive Plan, has taken an exception to Goal #3 pursuant to LCDC Goal #2. However, in *1000 Friends of Oregon v. Board of County Commissioners of Clackamas County,* LCDC No. 78-036, decided June 8, 1979, after the initiation of this appeal, the amendment was invalidated. The exception, therefore, failed and the Goal #3 question is not moot.

However, in *Meeker* the Board's extensive findings allowed the reviewing courts to determine the basis for its decision and to decide that there was evidence to support the finding that the purposes of Goal #3 were indeed met. Unlike those findings,[2] the relevant finding by the Board in this case, as follows, is conclusory and does not give us enough information to determine whether the purposes of Goal #3 could be met by the developer's proposal.

"1. The proposed subdivision conforms with the applicable goals and guidelines of the Land Conservation and Development Commission in the following respects:
a. Agricultural use of those portions of the subject property which are agricultural lands will be maximized by the development of small farms such as contemplated by the proposal."

Plaintiffs additionally contend that the plat as approved is in violation of the following provision of the county's subdivision ordinance:

"All subdivisions with four (4) or more lots shall be served by a community or public water supply as defined and governed by State regulations."

At the time of the Board's final decision in this case, the developer's application for permission to install a community water system had been denied by the Metropolitan Boundary Commission. Despite the developer's inability to provide a community water system, the Board approved the plat, stating in its findings that "public water and sewer facilities are unnecessary because of the low density of the proposal."

The subdivision ordinance makes provision for the granting of a variance from the above public water requirement. However, no such variance was applied for or granted in this case. Without the community water system, the proposed subdivision clearly violated the county subdivision ordinance and was improperly approved.

---

[2] The relevant *Meeker* findings are set forth at 36 Or App 703-4.

Because the Board's findings on the Goal #3 issue are insufficient for purposes of review and because the plat failed to comply with the county's subdivision ordinance, we reverse.

Reversed.